**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| PRENTIS SPENCER,<br><br>Plaintiff,<br><br>v.<br><br>GLOBE LIFE INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:26-cv-1396<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW COMES Plaintiff, PRENTIS SPENCER ("Plaintiff") by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of GLOBE LIFE INC., ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq*., the Louisiana Unfair Trade Practices Act ("LUTPA") under La. Rev. Stat. Ann. § 51:1405 *et seq*., as well as for Invasion of Privacy ("IOP"), stemming from Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant resides in the Eastern District of Texas.

## PARTIES

4. Plaintiff is an individual over 18-years-of-age, and a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant provides life insurance, annuity, and supplemental health insurance products.[1] Defendant is organized under the laws of the state of Delaware, with its principal place of business located at 7677 Henneman Way, McKinney, Texas 75070. Defendant's registered agent, CT Corporation System, is located at 1999 Bryant Street, Suite 900, Dallas, Texas 75201.

6. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. Plaintiff had previously inquired about obtaining life insurance from Defendant.

9. Upon further review Plaintiff determined that he was no longer interested in Defendant's services,

10. Shortly thereafter, Defendant began placing systematic calls to Plaintiff's cellular phone, (318) XXX-0908.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -0908. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://home.globelifeinsurance.com/

12. Upon answering Defendant's phone calls, Plaintiff has often been greeted by an artificial and/or pre-recorded voice message before being connected with a live representative.

13. In or around August 2026, Plaintiff spoke with Defendant and notified one of its representatives that he was no longer interested in Defendant's services and did not wish to receive any further calls from Defendant.

14. Plaintiff has even reiterated his requests during subsequent conversations.

15. Yet, Defendant's conduct has persisted through the filing of this action, as it has placed at least twenty-five (25) phone calls to Plaintiff's cellular phone after Plaintiff first notified it to stop calling.

16. Defendant has also continued to leave automated and prerecorded voicemails on Plaintiff's cell phone through the present day.

17. Defendant has used various phone numbers when placing calls to Plaintiff's cellular phone, including: (800) 955-6600.

18. Upon information and belief, the aforementioned phone number is regularly utilized by Defendant.

19. Seeing no end to defendant's harassing conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

20. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant from engaging in the unlawful practices described in this Complaint, supra.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, loss of sleep, aggravation that accompanies solicitation

telephone calls, emotional distress, and increased usage of his telephone services and cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system or an artificial or pre-recorded voice messages without their consent (emphasis added).

25. Defendant used artificial and/or pre-recorded voice messages when placing calls to Plaintiff's cellular phone, and during unanswered calls, Defendant has left Plaintiff voicemails using a prerecorded or artificial voice.

26. Defendant violated the TCPA by placing at least 25 phone calls to Plaintiff's cellular phone using artificial and/or pre-recorded messages without his consent. Any consent Plaintiff may have given to Defendant was explicitly revoked by Plaintiff's demands that it cease contacting him.

27. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

28. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). After Plaintiff initially notified Defendant's representative to stop calling, Defendant had more than enough knowledge to know that its calls were unwanted. Armed with this information, however, Defendant still willfully chose to continue its barrage of automated calls to Plaintiff's cellular phone.

29. As pled in paragraphs 20 through 23, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, PRENTIS SPECNCER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendant from placing any more phone calls to Plaintiff's cellular phone;

c. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees;

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE LOUISIANA UNFAIR TRADE PRACTICES ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by La. Rev. Stat. Ann. § 51:1402(1).

32. Defendant is a "person" as defined by La. Rev. Stat. Ann. § 51:1402(8).

33. The underlying agreement and Defendant's solicitation efforts to persuade Plaintiff into signing for its services constitute "consumer transaction[s]," and "trade" and "commerce" pursuant to La. Rev. Stat. Ann. §§ 51:1402(3) and (10).

### i. Violations of the LUTPA § 51.1405

34. The LUTPA, pursuant to La. Rev. Stat. Ann. § 51:1405(A) states that "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

35. Defendant violated the LUTPA when it unfairly and unconscionably attempted to harass Plaintiff into purchasing life insurance by continuously calling Plaintiff's cellular phone after

being notified to stop on a handful of occasions. Attempting to coerce Plaintiff into signing up for Defendant's services by placing systematic phone calls without his permission is unfair and unconscionable behavior. The frequency and nature of the calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

36. As pled in paragraphs 19 through 22, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, PRENTIS SPENCER, respectfully requests that this Honorable Court enter judgement in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, pursuant to La. Rev. Stat. Ann. § 51:1409(A);

c. Awarding Plaintiff punitive damages, in an amount to be determined at hearing, for the underlying violations;

d. Awarding Plaintiff costs and reasonable attorney fees, pursuant to La. Rev. Stat. Ann. § 51:1409(A);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III - INVASION OF PRIVACY-INTRUSION UPON SECLUSION

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Defendant intentionally invaded Plaintiff's privacy through its barrage of unwanted automated phone calls to Plaintiff's cellular phone. This conduct was highly intrusive and invasive to Plaintiff, and thus, eliminated Plaintiff's right to privacy.

39. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted his overall focus, and continually frustrated and annoyed Plaintiff to the point where he

was denied the ability to quietly live his life, instead having it upended by Defendant's harassing phone call campaign.

40. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in his home and/or any other location in which he would have normally brought his cellular phone.

41. By continuing to call Plaintiff in an attempt to coerce him to sign up for Defendant's services, all while having knowledge that Plaintiff did not wish to receive any further communications, Defendant provided Plaintiff with no reasonable escape from its incessant conduct.

42. As pled in paragraphs 19 through 22, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, PRENTIS SPENCER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, in an amount to be determined at trial, in connection with Defendant's invasion of privacy;

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as a result of Defendant's invasion of privacy;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 29th day of September 2026.

Respectfully Submitted,

*<u>/s/ Taxiarchis Hatzidimitriadis</u>*
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
180 N. Stetson Ave., Suite 2800
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)

teddy@consumerlawpartners.com